IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| AMANDA DUJARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:12-cv-2847 |
| vs. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, AMANDA DUJARDIN, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Baltimore, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Pennsylvania, which is licensed to do business in Maryland and which has its principal place of business in Horsham, Pennsylvania.

## ALLEGATIONS

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or June of 2012 in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors during the course of each and every communication.

9. On at least one occasion, Defendant's agent, representative and/or employee used abusive language with Plaintiff by making various comments relating to Plaintiff being a single mother.

10. Defendant's agents, representatives and/or employees attempted to collect the alleged debt on behalf of the original creditor after the debt had been sold to Asset Recovery Solutions.

11. Defendant's agents, representatives and/or employees placed telephone calls Plaintiff on at least 15 occasions in June 2012, including but not limited to June 1, June 2, June 4, June 5, June 7, June 8, June 11, and at least once a day June 14 through June 19. Said calls

continued even after Plaintiff told said callers that she did not have the ability to make payments towards satisfying the alleged debt.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    c. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    d. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    e. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

    f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMANDA DUJARDIN, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com